NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER O'NEILL, | No. 20-15093 |
| Petitioner-Appellant, | D.C. No. 3:11-cv-00901-MMD-CLB |
| v. | |
| RENEE BAKER, Warden; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted April 16, 2021
San Francisco, California

Before:     R. NELSON and FORREST, Circuit Judges, and JACK,** District Judge.

Christopher O'Neill appeals from the district court's order denying his

petition for writ of habeas corpus under 28 U.S.C. § 2254.  We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

As the parties are familiar with the facts, we need not repeat them here.

Because O'Neill's federal habeas petition was filed after April 24, 1996, our review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014). Under AEDPA, a federal court may grant habeas relief only when the state court decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

O'Neill first challenges the Nevada Supreme Court's decision affirming the denial of his ineffective assistance of counsel claim. He contends that trial counsel failed to properly communicate and investigate the case, which denied O'Neill the opportunity to present his defenses that (1) Geraldine Mesker gave him the forged checks as collateral for landscaping work, and that (2) his parole officer, Brent Cooper, was extorting him. On appeal, O'Neill contends that the state court's finding that O'Neill failed to present credible evidence that he performed any work for Mesker was contrary to the record. We disagree. The state court reasonably concluded that O'Neill's testimony at the post-conviction evidentiary hearing lacked credibility. *See Rice v. Collins*, 546 U.S. 333, 341–42 (2006) (that

2                                                                                          20-15093

reasonable minds might disagree about a factual finding "does not suffice to supersede the trial court's credibility determination" on habeas review); *Hibbler v. Benedetti*, 693 F.3d 1140, 1148 (9th Cir. 2012) ("[W]e may not second-guess a state court's fact-finding process unless we determine that the state court was not merely wrong, but actually unreasonable." (internal quotations omitted)). Moreover, the record supports the conclusion that the remaining evidence was insufficient to establish that O'Neill had performed work for Mesker. Accordingly, the state court decision was not based on any unreasonable determination of fact. *See* 28 U.S.C. § 2254(d)(2).

To the extent O'Neill also contends that the state court decision involved an unreasonable application of clearly established federal law under *Strickland v. Washington*, 466 U.S. 668 (1984), we conclude that the Nevada Supreme Court reasonably denied relief because O'Neill failed to establish prejudice resulting from the alleged deficient performance of counsel. Because O'Neill did not present credible evidence in support of his extortion theory and checks-as-collateral defenses, he failed to demonstrate a "reasonable probability that . . . the result of the proceeding would have been different" had trial counsel properly communicated and investigated the case. *Id.* at 694. The state court decision was not an unreasonable application of *Strickland*. *See* 28 U.S.C. § 2254(d)(1).

O'Neill also challenges the Nevada Supreme Court's decision affirming the

denial of his motion for a new trial based on the state's failure to disclose evidence of dishonesty by O'Neill's parole officer. On appeal, O'Neill contends that the state court applied the wrong legal standard, unreasonably determined that the evidence was not material, and improperly denied the motion without an evidentiary hearing. *See* 18 U.S.C. § 2254(d)(1), (2).

Contrary to O'Neill's first argument, the state court applied the proper legal standard under *Brady* and its progeny. *See* 28 U.S.C. § 2254(d)(1); *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). The state court also reasonably determined that O'Neill failed to establish materiality under *Brady*. *See United States v. Bagley*, 473 U.S. 667, 682 (1985) ("[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.").

Specifically, the state court reasonably concluded that the impeachment value of the undisclosed evidence was not material because Cooper's testimony was cumulative of trial testimony by other law enforcement officers. *Strickler v. Greene*, 527 U.S. 263, 293–94 (1999) (finding no prejudice from evidence impeaching key witness where there was strong evidence for conviction separate from the witness's testimony). Moreover, the Nevada Supreme Court's conclusion that the undisclosed evidence would not have undermined the basis for the search was not objectively unreasonable in light of the record before the state court at the

time and the arguments put forth by the parties on the motion for a new trial,[1] nor was it based on any unreasonable determination of fact. *See* 28 U.S.C. § 2254(d)(1), (2). The state court also reasonably rejected any argument that the undisclosed evidence was material as support for O'Neill's extortion theory. Finally, under deferential AEDPA review, we conclude that the state court did not act unreasonably in resolving O'Neill's motion for a new trial without an evidentiary hearing.[2] *See* 28 U.S.C. § 2254(d)(2); *Hibbler*, 693 F.3d at 1146–49 (stating that a state court's fact-finding process is deficient under § 2254(d)(2) only if the failure to hold an evidentiary hearing was objectively unreasonable).

We treat O'Neill's remaining argument as a motion to expand the certificate of appealability. So treated, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir. 1999).

**AFFIRMED.**

---

[1] We do not consider the evidentiary hearing or other evidence presented in separate state habeas proceedings on O'Neill's ineffective assistance of counsel claim. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). However, even if our review encompassed this evidence, we would reach the same conclusion, because Officer Summers's testimony at the evidentiary hearing established an independent basis for the detention leading to O'Neill's charges.

[2] It is unclear that O'Neill adequately raised this argument under 28 U.S.C. § 2254(d)(2) before the district court in his federal petition. *See Miles v. Ryan*, 713 F.3d 477, 494 n.19 (9th Cir. 2013) (deciding that an issue not raised before the district court cannot be raised on appeal).